# IN THE UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| In re: ) | |
| ) | |
| Jennifer Mixson ) | Case No. 22-20077 |
| Debtor ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Trustee's Objection to Debtor's Claim of Exemption Pursuant to Section 287.260 RSMo filed by the Trustee in the Chapter 7 bankruptcy proceeding of Jennifer Mixson (the "Debtor"). This is a core proceeding under 28 U.S.C. §157(b)(2)(B) over which the Court has jurisdiction pursuant to 28 U.S.C. §§1334(b), 157(a) and 157(b)(1). For the reasons stated below, the Court sustains the Trustee's objection.

Prior to filing for bankruptcy, the Debtor worked as a materials handler and suffered an on-the-job injury. Soon after the injury, the Debtor was terminated from her employment. A lawsuit was filed in county court on behalf of the Debtor against her employer for damages for discrimination and retaliation in violation of Missouri's workers' compensation law.

The Debtor listed a Workers Compensation claim with an unknown value on Schedule C and has claimed it exempt under §287.260 of the Missouri Revised Statutes. The Trustee has objected on the grounds that Missouri's exemption statute does not cover any recovery under a retaliation lawsuit.

1

Missouri's workers' compensation law is set forth in Chapter 287 of the Revised Statutes of Missouri. Section 287.260, the exemption statute, provides that "[t]he compensation payable under this chapter, whether or not it has been awarded or is due, shall not be assignable, shall be exempt from attachment, garnishment, and execution…." The retaliation section of Missouri's workers' compensation law provides that any employee who has been discharged or discriminated against in that context "shall have a civil action for damages against his or her employer." Mo. Rev. Stat. §287.780. The question this raises is whether the exemption provision was meant to encompass damages from a retaliation claim.

The Court agrees with the Debtor that exemption laws are generally construed liberally in favor of the debtor. *See, e.g., In re Bonuchi*, 322 B.R. 868, 871 (Bankr. W.D. Mo. 2005). However, this maxim is not an end unto itself and does not displace all other rules of statutory construction with regard to exemption statutes. *In re Lowe*, 252 B.R. 614, 620 (Bankr. W.D.N.Y. 2000). In this instance, Missouri's workers' compensation laws specifically provide that the provisions of Chapter 287 are to be construed strictly. *See* Mo. Rev. Stat. §287.800. As the Missouri Court of Appeals stated: "The legislature by this amendment has made it abundantly clear that previous cases which have applied a liberal construction of the law to resolve questions in favor of coverage for the employee should no longer be followed." *Allcorn v. Tap Enterprises, Inc.*, 277 S.W. 3d 823, 830 (Mo. Ct. App. 2009). This

requirement is a significant departure from the prior law which called for the provisions of Chapter 287 to be "liberally construed." *Id.* at 828. Strict construction simply presumes nothing that is not expressed. *Templemire v. W & M Welding, Inc.*, 433 S.W.3d 371, 381 (Mo. banc 2014).

The term "compensation" is not defined in Chapter 287. In general, when terms used in a statute are undefined, courts give them their ordinary meaning. *Hamilton v. Lanning*, 560 U.S. 505, 513 (2010) (citations omitted). Missouri courts follow this principle of statutory construction. *In re Hardy*, 787 F.3d 1189, 1193 (8th Cir. 2015) (citations omitted) ("Under Missouri law, when a term in a statute is not defined, courts seek to find what the legislature intended by the term—generally reflected by a term's plain and ordinary meaning."). It has been consistently applied in the specific context of Missouri's workers' compensation laws. *See, e.g., State ex rel. Deckard v. Schmitt*, 532 S.W.3d 170, 175 (Mo. Ct. App. 2017) (citations omitted) ("Workers' compensation law is entirely a creature of statute, and when interpreting the law the court must ascertain the intent of the legislature by considering the plain and ordinary meaning of the terms and give effect to that intent if possible.").

The Debtor relies on a dictionary's definition of "compensation" to determine its plain meaning, and to apply that meaning to the payment of damages in a civil suit: indemnification, paying of damages, making amends, making whole, giving

an equivalent or substitute of equal value. Black's Law Dictionary 283 (6th ed. 1991). Textual analysis, of course, involves more than consideration of statutory terms in isolation. *In re Benn*, 491 F. 3d 811, 814 (8th Cir. 2007). Provisions of the Workers' Compensation Law are to be construed consistently and harmoniously to give effect to the entire statute. *Wilcut v. Innovative Warehousing*, 247 S.W. 3d 1, 5 (Mo. Ct. App. 2008), *rehearing denied*.

The Trustee contends that a review of the entire workers' compensation statute establishes that "compensation" is intended to be monetary payments to the injured employee due to a work-related injury, and lists numerous examples. A further review of Chapter 287 reveals that the term "compensation" is consistently used in conjunction with the term "injury" -- the latter is defined as an injury which has arisen out of and in the course of employment, and is compensable only if the accident was the prevailing factor in causing both the resulting medical condition and disability. *See* Mo. Ann. Stat. § 287.020. Thus, to conclude that the compensation to which §287.260 refers is limited to money paid to an employee for injuries sustained while on the job (or death benefits) gives effect to the entire workers' compensation statute as required by the rules of statutory construction.

The Trustee cites the case of *Brandon v. Schwan's Sales Enterprises, Inc.*, No. 99-CV-4235-JPG (S.D. Ill. 2000), to support this analysis. *Brandon* is persuasive. The Illinois statute on which the parties in *Brandon* relied stated that "[n]o payment,

claim, award or decision under this Act shall be assignable or subject to any lien, attachment or garnishment….." 820 ILCS 305/21. The debtors argued that Mr. Brandon's retaliation cause of action was a "claim" arising under the Act, and therefore, was exempt. The employer argued that it was not. Applying rules of statutory construction, the district court concluded that the plain and ordinary meaning of a workers' compensation "claim" did not extend to "causes of action" for retaliatory discharge. It reasoned that the term "claim" consistently related to compensation for work-related physical injuries and fatalities, just as the Trustee contends in this case.[1] Similarly, when the analysis of §287.260 is expanded to consider the text and structure of Chapter 287 as a whole, it is apparent that this section of the statute was intended to cover payments for physical injuries and fatalities attributable to the workplace, not for retaliatory discharge payments.

The Debtor asserts that because an employee's right to damages for retaliation is created exclusively by §287.780, any claim for damages under that section is, *ipso facto*, a claim for compensation under Chapter 287, citing *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238 (8th Cir. 1995): "Under the plain meaning of the statute, where a state legislature enacts a provision within its workers' compensation laws and creates a specific right of action, a civil action brought to enforce that right of action

---

[1] The *Brandon* court also reached its conclusion because a retaliatory discharge cause of action arises under general tort law, and not Illinois' workers' compensation law. Because the Missouri workers' compensation statute does provide for a retaliatory discharge cause of action, that particular holding is not appliable.

5

is, by definition, a civil action arising under the workers' compensation laws of that state…." *Id*. at 1246. The *Humphrey* case is distinguishable on two grounds. First, it was decided in the context of a removal action pursuant to the federal rules of civil procedure, not in the context of a state's workers' compensation law. Secondly, the removal statute in question refers to a civil action "*arising under* the workmen's compensation laws…." *See* 28 U.S.C. §1445(c). (Emphasis added.) While this Court acknowledges that similarities exist between "arising under" and "payable under," the terms being interpreted are different and have different legal significance.[2]

The Trustee points out that the workers' compensation law contains several provisions relating to the procedures necessary to apply for and obtain money from an employer for work-related injuries. For example, any compromise or claim must be approved by an administrative law judge or the Labor and Industrial Relations Commission (§287.390), specified claims must be filed within two years after the date of the injury (§287.430), and parties disagreeing with the compensation payable under Chapter 287 may request a hearing in front of the division (§287.450). The Debtor states that the fact that retaliation claims are to be recovered through a

---

[2]The Court is mindful that the Debtor could have argued that under §513.427 of the Missouri Revised Statutes, any property that is not subject to attachment and execution under Missouri law, such as a retaliation claim, is exempt from the bankruptcy estate. *See, e.g., Lehman v. United Parcel Service, Inc.*, 443 F. Supp. 2d 1146 (D.W.D. Mo. 2006)(holding that an employee's retaliation claim was, at least in part, a personal tort and therefore unassignable and exempt). That argument has been rejected by *In re Benn*, 491 F. 3d 811 (8th Cir. 2007)(holding that §513.427 is merely an opt-out statute which does not create exemptions for all property that is not subject to attachment).

separate court lawsuit rather than the administrative procedures in Chapter 287 is a distinction without a difference. The Court agrees with the Trustee. If a retaliation claim was determined to be "compensation payable under this chapter" as the Debtor suggests, the claim would be subject to these numerous procedural requirements. That would create anomalous and likely unintended results. It is logical to conclude, therefore, that the Missouri legislature intended "compensation payable under this chapter" to encompass claims adjudicated pursuant to the administrative procedures set forth throughout the statute and not claims for damages provided in the state courts.

The Court's charge is to ascertain the intent of the Missouri legislature by utilizing the rules of statutory construction. After reviewing the ordinary meaning of the terms, the entirety of Chapter 287, and the cases cited by the parties, this Court concludes that there is no language demonstrating a legislative intent to include damages from a retaliation claim in the exemption provision of Missouri's workers' compensation statute. Accordingly, the Trustee's objection is sustained.

Date: August 18, 2022     */s/ Dennis R. Dow*
                                                  Honorable, Dennis R. Dow
                                                  UNITED STATES BANKRUPTCY JUDGE